UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

Jarrett R. Jenkins,

      Plaintiff,

v.

Concora Credit Inc.,

      Defendant.

Case No.: 1:26-cv-01140

---

## ANSWER OF CONCORA CREDIT INC.

Defendant Concora Credit Inc. ("Defendant"), as and for its Answer to the Complaint of Jarrett R. Jenkins ("Plaintiff"), denies each and every allegation set forth therein unless otherwise specifically admitted herein or otherwise qualified and states and alleges as follows:

PARTIES

1.      In response paragraph 1 of the Complaint, Defendant admits, upon information and belief.

2.      In response to paragraph 2 of the Complaint, Defendant admits that it is a business entity authorized to conduct business in the State of New York and that it has an office located at 14600 NW Greenbriar Parkway, Beaverton, OR 97006.  Defendant lacks sufficient information or knowledge to admit or deny the remaining allegations set forth in paragraph 2 of the Complaint.

3.      Defendant lacks sufficient information or knowledge to admit or deny the allegations set forth in paragraph 3 of the Complaint.

JURISDICTION AND VENUE

4.      In response to paragraph 4 of the Complaint, Defendant admits that this Court has jurisdiction over claims arising under the Fair Credit Reporting Act ("FCRA") and that it has

serviced accounts for individuals located in the State of New York.  Defendant lacks sufficient information or knowledge to admit or deny the remaining allegations set forth in paragraph 4 of the Complaint.

5.      In response to paragraph 5 of the Complaint, Defendant admits, upon information and belief that venue is proper.

6.      In response to paragraph 6 of the Complaint, Defendant admits that it has accessed consumer reports authored by Equifax and Transunion, and that the FCRA contains laws related to accessing consumer reports.  Defendant lacks sufficient information or knowledge to admit or deny the remaining allegations set forth in paragraph 6 of the Complaint.

GENERAL ALLEGATIONS

7.      Defendant lacks sufficient information or knowledge to admit or deny the allegations set forth in paragraph 7 of the Complaint.

8.      Defendant lacks sufficient information or knowledge to admit or deny the allegations set forth in paragraph 8 of the Complaint.

9.      In response to paragraph 9 of the Complaint, Defendant denies that it violated the FCRA.  Defendant lacks sufficient information or knowledge to admit or deny the remaining allegations set forth in paragraph 9 of the Complaint.

COUNT I

10.      In response to paragraph 10 of the Complaint, Defendant adopts by reference paragraphs 1 through 9 of this Answer as though fully set forth herein.

11.      Defendant lacks sufficient information or knowledge to admit or deny the allegations set forth in paragraph 11 of the Complaint.

12.     Defendant admits the allegations set forth in paragraph 12 of the Complaint upon information and belief.

13.     Defendant lacks sufficient information or knowledge to admit or deny the allegations set forth in paragraph 13 of the Complaint.

14.     In response to paragraph 14 of the Complaint, Defendant admits in part and denies in part.  Defendant admits that 15 U.S.C. § 1681b describes the circumstances under which a consumer reporting agency may furnish a consumer report.  Defendant denies that 15 U.S.C. § 1681b "defines the permissible purposes for which a person may obtain a consumer credit report."

15.     In response to paragraph 15 of the Complaint, Defendant admits that 15 U.S.C. § 1681b permits a consumer reporting agency to furnish a consumer report to a person in various circumstances, including circumstances involving an application for an extension of credit, evaluating an application for employment, underwriting insurance, and in connection with firm offers of credit or insurance.

16.     Defendant denies the allegations set forth in paragraph 16 of the Complaint.

17.     Defendant denies the allegations set forth in paragraph 17 of the Complaint. Defendant conveyed numerous firm offers of credit to Plaintiff.

18.     Defendant lacks sufficient information or knowledge to admit or deny the allegations set forth in paragraph 18 of the Complaint.

19.     In response to paragraph 19 of the Complaint, Defendant admits in part and denies in part.  Defendant admits that it is a sophisticated business entity.  Defendant denies the remaining allegations set forth in paragraph 19 of the Complaint.

20.     Defendant denies the allegations set forth in paragraph 20 of the Complaint.

21.   In response to paragraph 21 of the Complaint, Defendant admits that Plaintiff purports to paraphrase a decision of the U.S. Supreme Court.  Defendant denies that it caused Plaintiff to suffer and damages and denies these allegations to the extent that they do not align with the cited authority.

22.   Defendant denies the allegations set forth in paragraph 22 of the Complaint.

23.   Defendant denies the allegations set forth in paragraph 23 of the Complaint. Specifically, Defendant denies that there was not a permissible purpose for the furnishing of his consumer report.

24.   Defendant denies the allegations set forth in paragraph 24 of the Complaint.

25.   Defendant denies the allegations set forth in paragraph 25 of the Complaint.

26.   Defendant denies the allegations set forth in paragraph 26 of the Complaint.

27.   Defendant denies the allegations set forth in paragraph 27 of the Complaint.

PRAYER FOR RELIEF

28.   Defendant denies that Plaintiff is entitled to any of the relief described in Plaintiff's prayer for relief.

**AFFIRMATIVE DEFENSES**

FIRST DEFENSE

The Complaint fails to state a claim against Defendant upon which relief can be granted.

SECOND DEFENSE

Plaintiff's claims may be barred, in whole or in part, by laches, unclean hands, waiver, estoppel or failure to mitigate damages (if any).

4

THIRD DEFENSE

Plaintiff's claims may fail, in whole or in part, for lack of standing and/or lack of subject matter jurisdiction due to a lack of cognizable injury or damages.

FOURTH DEFENSE

Plaintiff's claims may be barred, in whole or in part, because the alleged actions of Defendant were not accompanied by malice, intent or ill will.

FIFTH DEFENSE

Plaintiff's claims may be barred, in whole or in part, by the statute of limitations.

SIXTH DEFENSE

Any violation of the law or damage suffered by Plaintiff, which Defendant denies, was due to the affirmative actions and/or omissions of Plaintiff or others.

SEVENTH DEFENSE

Defendant acted in accordance with the FCRA and is entitled to each and every defense contemplated by the FCRA and any and all limitations of liability.

RESERVATION

Defendant reserves the right to plead additional defenses or otherwise amend its Answer pursuant to the Federal Rules of Civil Procedure and as may be revealed through discovery and upon further particularization of Plaintiff's claims.

WHEREFORE, Defendant prays for an order and judgment of this Court in its favor and against Plaintiff as follows:

1.      Dismissing all causes of action against it with prejudice and on the merits;

2.      Awarding Defendant its costs and fees, to the extent allowed by applicable law; and

3.      Awarding Defendant such other and further relief as the Court deems just and equitable.


Dated:  March 3, 2026                                  By /s/ Michael T. Etmund
                                                          Michael T. Etmund, NY REG # 5168331
                                                          COZEN O'CONNOR
                                                          150 South Fifth Street, Suite 1200
                                                          Minneapolis, MN 55402-4129
                                                          Telephone:  (612) 877-5309
                                                          MEtmund@cozen.com
                                                          *Attorneys for Defendant*

6

**CERTIFICATE OF SERVICE**

I hereby certify that on March 3, 2026, the foregoing document was filed with the Clerk of

the Court via ECF and served via U.S. mail upon the following parties and participants:

Jarrett R. Jenkins
334 Locust Street, Apt. 1
West Hempstead, NY 11552

/s/Michael T. Etmund
Michael T. Etmund

7